RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 05 2012

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Dorothy Antis
Plaintiff

vs.

Bickford Senior Living
Defendant

SCJ

1:12-CV-4209

TITLE VII COMPLAINT

1. Plaintiff resides at 2070 John Dodgens Way Marietta, GA. 30060

2. Defendant(s) names (s) Barbara Prash, Lacreesha Jenkins, Rosemary Parks, Tracee Collater

Location of principal office(s) of the named defendant(s) 840 Lecroy Dr. Marietta, GA 30068

Nature of defendant(s) business Senior Living Assisted Living Nursing Home.

Approximate number of individuals employed by defendant(s) 1,500 - Company Wide - 440C

*Note: This is a form complaint provided by the Court for pro se litigants who wish to file an employment discrimination lawsuit. It is not intended to be used for other kinds of cases.

3. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is specifically conferred on the court by 42 U.S.C. § 2000e-5. Equitable and other relief are also brought under 42 U.S.C. §e-5(g).

4. The acts complained of this suit concern:

   A. _____ Failure to employ me.
   B. __B__ Termination of my employment.
   C. _____ Failure to promote me.
   D. _____ Other (Specifiy) forced to work in a hostile work environment with the abusive behavior of my Supervisor LaCreesha Jenkins co-worker CNA Supervisor - Rosemary Parks - Human Resource Director - Barbara Prush - Failure to protect me exercise the open-door policy 5 times refused to hear me or protect me became a participant - leaving her trusted position. Tracee - Collater - open door policy - Director False reportings of resident abuse

5. Plaintiff:

   A. __A__ presently employed by the defendant.
   B. _____ not presently employed by the defendant. The dates of plaintiff's employment were  7-1-2010 to 8-19-2012

   The reasons plaintiff was given for termination of employment is/are:
   (1) __I__ plaintiff was discharged.
   (2) _____ plaintiff was laid off.
   (3) _____ plaintiff left the job voluntarily.

6. Defendant(s) conduct is discriminatory with respect to the following:

   A. __A.__ my race
   B. _____ my religion.
   C. _____ my sex.
   D. _____ my national origin.
   E. _____ Other (specify) Race - retaliation, forced to work in a hostile tormented environment called demeanor names work hrs and were not paid, off the clock for lunch LaCreesha LPN - Continues to follow me and torment me tells me to go back to work for patient care while off the clock. Daily giving late lunches Shift starts at 6:50 AM subject to lunch well after others at 2 PM even though I'm the first to arrive. Called out of my name by Barbara Prush on 8-19-2012 called me Dementia/ Dementia mental Yelling verbal insults.

7. The name(s), race, sex and the position or title of the individual(s) who allegedly discriminated against me during the period of my employment with the defendant company is/are:

Barbara Prash - Human Resource Director
LaCreesha Jenkins - Supervisor
Rosemary Parks CNA Supervisor
Tracee Collater - Director - failure to exercise Open Door Policy Employee Fair Treatment and protection.

Rights

8. Describe the discriminatory actions or events you are complaining of in this lawsuit. Give factual detail, including names and dates concerning what happened. You do not need to refer to any statutes or cite law.

Barbara Prash - failure to excise open door to me for Hostile work enviroment on 8-13-2012 - 8-19-2012. False reportings Constructed by LaCreesha Jenkins Supervisor and Rosemary parks CNA Supervisor. She sided with them and left her trusted position of being fair - yelling, Name calling, and Mean Spirited towards me. Citing a false write-up and trying to force me to sign with threat of firing. I refuse to sign and was terminated. She refuse to let me make a Statement or see the write up or let me explain my side on the write up. LaCresha - Made comments about "Black People" ("she did not like them and would rather that you not know, and rather show you".)

Tracie Collecter - Director - failed to return my emergency call made false reporting of fititious write-ups and resident abuse with witness. On the Dept of Labor report one of the days I was supposely written up I was off work. Work multiple hours and was not paid from sign in sheet Ms. Barbara Prush failed to talk to me or pay me. Worked off the clock.

9. The alleged illegal activity took place at Bickford Senior Living 840 LaGroy Drive Marietta, GA. 30068

10. A. __A__  I have filed a charge with the Equal Employment Opportunity Commission regarding defendant(s). (I have attached a copy of my charge(s) filed with the Equal Employment Opportunity Commission, which are incorporated into this complaint.

    B. _____  I have not filed a charge.

11. A. __A__  I received a Notice of Right-to-Sue letter from the Equal Employment Opportunity Commission on 9-11-2012 (date). (I have attached a copy of the Notice of Right-to-Sue which is incorporated into this complaint.)

    B. _____  I have not received a Notice of Right-to-Sue letter from the Equal Employment Opportunity Commission.

12. State what relief you are seeking from the Court. If you are seeking a monetary award (back pay or damages), state the amount you are seeking. If you are seeking injunctive relief (an order by the Court) issued against the defendant(s) summarize what should be in the order. $100,000

-4-

Monetary Award - lost everything $100,000
Back pay for hours work -
Forced to work in hostile work environment
with no protection while dealing with
the death of my son and granddaughter

12-5-2012
Date

Signature of Plaintiff

Address: 2070 John Dodgers
Way Marietta, Ga. 30060

Telephone: 770-837-4741

EEOC Form 161 (11/09)          U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Dorothy A. Artis<br>1009 James Street<br>Marietta, GA 30060 | From: | Atlanta District Office<br>100 Alabama Street, S.W.<br>Suite 4R30<br>Atlanta, GA 30303 |
|---|---|---|---|

[ ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 410-2012-06141 | Irene E. Carter,<br>Investigator | (404) 562-6853 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____        SEP 1 1 2012
Bernice Williams-Kimbrough,                  (Date Mailed)
District Director

Enclosures(s)

cc:  **Barbara Prasch
Human Resources Manager
BICKFORD SENIOR LIVING
840 Lecroy Drive
Marietta, GA 30068**

Enclosure with EEOC
Form 161 (11/09)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

DOL-4428 1(R-08/09)
NM2006

## GEORGIA DEPARTMENT OF LABOR
## CLAIMS EXAMINER'S DETERMINATION

SSN **\*\*\*-\*\*-6259**

BYB **08/22/12**

CWB **08/19/12**

CAREER CENTER
3600
COBB-CHEROKEE
465 BIG SHANTY RD
MARIETTA, GEORGIA 30066
FAX # (770) 528-6139

7000

| CLAIMANT | EMPLOYER |
|---|---|
| DOROTHY A ARTIS<br>1009 JAMES ST.<br>MARIETTA GA   30060 | BICKFORD SENIOR LIVING<br>NURSING FACILITY<br>840 LECROY DRIVE<br>ASKED, BUT BARBARA REFUSED<br>MARIETTA   GA   30068 |

### SECTION I - CLAIM DETERMINATION

Disqualification begins **08/19/12** and continues until claimant becomes reemployed, is separated and has earned insured wages equal to at least **$1660** (10 times WBA).

### SECTION II - LEGAL BASIS FOR DETERMINATION

Section 34-8-194 (2) (A) of the Employment Security Law says that you cannot be paid unemployment benefits if you were fired from your most recent employer for not following your employer's rules or orders. In addition, you may not be paid unemployment benefits if you were fired for failing to perform the duties for which you were hired, if that failure was within your control. You also cannot be paid benefits if you were suspended for any of these same reasons. The law says that your employer has to show that discharge or suspension was for a reason that would not allow you to be paid unemployment benefits. If you cannot be paid unemployment benefits under this section of the law, you may qualify at a later time. To do this, you must find other work and earn wages covered under unemployment law. The covered wages must be at least ten times the weekly amount of your claim. If you then become unemployed through no fault of your own, you may reapply for unemployment benefits.

### SECTION III - REASONING

Your employer fired you because you did not meet the standard of conduct your employer has the right to expect by insubordination to supervisor. If you violate a standard of conduct it is the same as violating an employer rule. Because you failed to perform and conduct yourself in an acceptable way, you were at fault in your separation. Therefore, you cannot be paid unemployment benefits.

### SECTION IV - ACCOUNT CHARGEABILITY

NOTICE TO EMPLOYER:

### SECTION V - APPEAL RIGHTS

NOTE: This determination will become final unless you file an appeal on or before **09/28/12**. If you file an appeal you must continue to report on your claim as instructed, or you will not be paid if you win your appeal. Refer to the Claimant Handbook booklet or contact an office of the Georgia Department of Labor for more details.

| Georgia Department of Labor | 09/06/12 | 09/13/12 |
|---|---|---|
| Claims Examiner | Date of Interview | Mail Date |

2

```
DOROTHY A ARTIS                                 DOCKET 45472-12
BICKFORD SENIOR LIVING                          Page 02
```

           READ THESE INSTRUCTIONS AND YOUR APPEALS HANDBOOK CAREFULLY

HEARING PROCEDURES
All parties are expected to be available for the hearing no later than the scheduled starting time shown on this notice of hearing. If the party requesting the appeal is not available within 10 minutes of the time for the hearing, the case will be dismissed.

This hearing will be conducted by an administrative Hearing Officer and will be recorded for further review in the event that the Hearing Officer's decision is appealed.

All testimony will be taken under oath or affirmation.

Witnesses should have firsthand testimony. Hearsay evidence will not be accepted.

Any written evidence for consideration by the Administrative Hearing Officer during a telephone hearing must have been mailed to the opposing party and to the Administrative Hearing Officer in sufficient time to allow receipt.

SUBPOENAS
Requests for subpoenas for documents or for witnesses with firsthand knowledge of the issues must be made more than 72 hours prior to the hearing.

POSTPONEMENT OF THE HEARING
Postponement of the hearing will be granted only in case of extreme emergency.

                        ***ISSUE(S) TO BE DECIDED***

OCGA Section 34-8-194(2) - Whether the discharge or suspension of the claimant was for failure to follow orders, rules or instructions or failure to perform the duties for which employed.

OCGA Section 34-8-194(1) - Whether the claimant had a good work connected cause for leaving the employer or whether the claimant voluntarily accepted a separation due to a lack of work.

OCGA Section 34-8-157(b) - Whether the employer supplied written separation information to the Department of Labor in a timely manner.


COPIES OF THE NOTICE OF HEARING WERE SENT TO:

DOROTHY A ARTIS                                 BICKFORD SENIOR LIVING
1009 JAMES STREET                               ATTN  HR DEPT
MARIETTA   GA   30060                           840 LECROY DRIVE
                                                MARIETTA   GA   30068


BICKFORD SENIOR LIVING
ATTN  HR DEPT
13795 S MUR LEN RD #301
OLATHE  KS  66062

DOROTHY A ARTIS                                  Docket# 45472-12
                                                 Page 2


REASONS FOR DECISION: O.C.G.A. Section 34-8-194(2)(A) provides for a disqualification if it is shown that an employee has been discharged from work with his most recent employer for failure to obey orders, rules, or instructions, or for failure to discharge the duties for which employed. This Section of the Law places the burden of proof on the employer to show by a preponderance of the evidence that the employee was at fault by a deliberate, willing, and knowing action on his part. O.C.G.A. Section 24-1-1(5) defines preponderance of evidence 'as that superior weight of the evidence upon the issues involved, which, while not enough to free the mind wholly from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than to the other.'

The employer did not meet the burden of proof here. The employer did not present sufficient firsthand testimony to show that the claimant was at fault in her discharge separation. Based on the testimony given, the Director fired the claimant after becoming upset during a warning meeting. Therefore, disqualification is not required.

O.C.G.A. Section 34-8-157(b) provides that benefits paid shall be charged to the account of the most recent employer. The amount charged shall be the amount of benefits paid for the period of unemployment or the amount of wages paid by the employer from the beginning date of the base period of the claim whichever is less.

DECISION: The determination released by the Department September 13, 2012, disqualifying the claimant effective August 19, 2012, is set aside. The claimant shall be entitled to unemployment insurance benefits effective August 19, 2012, under the provisions of O.C.G.A. Section 34-8-194(2)(A). The claimant will be entitled to benefits for all weeks that claimant has met all the reporting and eligibility requirements as provided for under the provisions of O.C.G.A. Section 34-8-195(a)(3).

The employer's tax account shall be charged for benefits paid for the period of unemployment or the amount of wages paid during the period beginning with the base period of the claim, whichever is less, in accordance with O.C.G.A. Section 34-8-157(b).

                                            *signature*

                                            CHRISTOPHER VENEZIA
                                            HEARING OFFICER


This is to certify that this decision was mailed on the above date by the clerk of the Appeals Tribunal.



GEORGIA DEPARTMENT OF LABOR - APPEALS TRIBUNAL
Suite 201, 1630 Phoenix Blvd., College Park, GA 30349-5506
770-909-2828   Fax 770-909-2884
appeals@dol.state.ga.us

DECISION OF ADMINISTRATIVE HEARING OFFICER - DOCKET# 45472-12

| | |
|---|---|
| Appealing Party  Claimant | Decision Mailed       10/09/2012 |
| Appeal Filed      09/14/2012 | Appeal Rights Expire  10/24/2012 |
| Hearing Date      10/05/2012 | |

Claimant
DOROTHY A ARTIS

DOROTHY A ARTIS
1009 JAMES STREET
MARIETTA  GA  30060

Employer
BICKFORD SENIOR LIVING

APPEARANCES: This was an in-person hearing at the Cobb-Cherokee Career Center in which the claimant and Teresa Camara, Registered Nurse Coordinator for the employer, participated.

O.C.G.A. PROVISIONS AND ISSUES INVOLVED: OCGA Section 34-8-194(2) - Whether the discharge or suspension of the claimant was for failure to follow orders, rules or instructions or failure to perform the duties for which employed.

OCGA Section 34-8-157(b) - Whether the employer supplied written separation information to the Department of Labor in a timely manner.

FINDINGS OF FACT: The claimant worked as a Certified Nursing Assistant for thee employer for approximately one year, ending on August 19, 2012. On August 19, 2012, the Director issued the claimant a written warning for improper breaks and resident abuse. The claimant refused to sign the warning, since the warning was based on false accusations from two co-workers. The claimant expressed that she felt the Director was unfairly taking the side of the co-workers, since she issued the warning without first asking for the claimant's side of the events. The Director then became upset and discharged the claimant from employment. The claimant attempted to dispute the separation with the Divisional Director, but the employer stood by the decision.

The employer sent separation information to the Department in a timely manner.

See reverse side

```
DOROTHY A ARTIS                          Docket# 45472-12
                                         Page 2
```

REASONS FOR DECISION: O.C.G.A. Section 34-8-194(2)(A) provides for a disqualification if it is shown that an employee has been discharged from work with his most recent employer for failure to obey orders, rules, or instructions, or for failure to discharge the duties for which employed. This Section of the Law places the burden of proof on the employer to show by a preponderance of the evidence that the employee was at fault by a deliberate, willing, and knowing action on his part. O.C.G.A. Section 24-1-1(5) defines preponderance of evidence 'as that superior weight of the evidence upon the issues involved, which, while not enough to free the mind wholly from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than to the other.'

The employer did not meet the burden of proof here. The employer did not present sufficient firsthand testimony to show that the claimant was at fault in her discharge separation. Based on the testimony given, the Director fired the claimant after becoming upset during a warning meeting. Therefore, disqualification is not required.

O.C.G.A. Section 34-8-157(b) provides that benefits paid shall be charged to the account of the most recent employer. The amount charged shall be the amount of benefits paid for the period of unemployment or the amount of wages paid by the employer from the beginning date of the base period of the claim whichever is less.

DECISION: The determination released by the Department September 13, 2012, disqualifying the claimant effective August 19, 2012, is set aside. The claimant shall be entitled to unemployment insurance benefits effective August 19, 2012, under the provisions of O.C.G.A. Section 34-8-194(2)(A). The claimant will be entitled to benefits for all weeks that claimant has met all the reporting and eligibility requirements as provided for under the provisions of O.C.G.A. Section 34-8-195(a)(3).

The employer's tax account shall be charged for benefits paid for the period of unemployment or the amount of wages paid during the period beginning with the base period of the claim, whichever is less, in accordance with O.C.G.A. Section 34-8-157(b).

*[signature]*

CHRISTOPHER VENEZIA
HEARING OFFICER

This is to certify that this decision was mailed on the above date by the clerk of the Appeals Tribunal.

DOROTHY A ARTIS                              Docket# 45472-12
                                             Page 3


If you desire to appeal this decision, notify the office below in
writing.  Appeal rights expire 15 days afer the decision is mailed.
An appeal filed by mail is considered filed as of the postmark
shown on the envelope, or in the absence of a legible postmark, the
acutal date of receipt by the Department.  A postage meter date will
not be used to determine the date filed.  Appeals by fax are considered
filed on the date received.

**Georgia Dept. of Labor-Board of Review        Fax:404-232-3339**
Suite 801, 148 Andrew Young International Blvd. NE
Atlanta, GA 30303


COPIES OF THIS DECISION WERE MAILED TO

DOROTHY A ARTIS                         BICKFORD SENIOR LIVING
1009 JAMES STREET                       ATTN   HR DEPT
MARIETTA   GA   30060                   840 LECROY DRIVE
                                        MARIETTA   GA   30068

BICKFORD SENIOR LIVING
ATTN   HR DEPT
13795 S MUR LEN RD #301
OLATHE   KS   66062

I would like to be gainfully employed again. I have a funeral debt for my 21 years old Son and granddaughter to finish paying for.

I would like to live in a house again and get my dignity back and earn my own check.

I stand for what's right and I lost my job, my home, and I still stand for what right with no regrets.

Dorothy A. Anks