**CONFIDENTIAL**

### CONFIDENTIAL SETTLEMENT, RELEASE, AND DISMISSAL AGREEMENT

This Confidential Settlement, Release, and Dismissal Agreement ("*Agreement*") is by and between Dorothy Artis ("*Artis*") and Bickford Senior Living, L.L.C., and its respective parents, subsidiaries, affiliates, and joint ventures (individually and collectively "*Bickford*").

Artis was the Claimant in an action pending before the United States District Court for the Northern District of Georgia Atlanta Division: *Dorothy Artis v. Bickford Senior Living,* Case No. 1:12-CV-04209-SCJ-JCF (the "*Lawsuit*"). In the Lawsuit, Artis made claims against Bickford and sought damages. Bickford denies all such claims.

Artis and Bickford have agreed to settle as set forth below. Based on the mutual promises and covenants exchanged and for other good and valuable consideration, the adequacy and receipt of which are acknowledged, the parties agree:

1. Artis' Releases.

    (a) Releasing Parties. The covenants, waivers, and releases made by Artis in this Agreement are made by her in her own capacity and on behalf of all persons and entities claiming by, through, or under her, or through which she makes her claims, including but not limited to her heirs, assigns, representatives, executors, attorneys, and spouse.

    (b) Released Parties. The covenants, waivers, and releases of Artis in this Agreement are made to and for the benefit of Bickford and its parent, subsidiary, affiliated companies, and joint ventures, and each of their past, present, and future trustees, directors, officers, affiliates, employees, administrators, advisors, attorneys, agents, predecessors, successors, and assigns, and all other related plans, persons, firms, corporations, fiduciaries, parents, subsidiaries, associations, partnerships, and participants, and any person who acted on behalf of or on instructions from Bickford, and all other persons or entities who were or could have been named as a respondent in the Charge (collectively, the "*Released Parties*").

    (c) Claims Released. The claims released through this Agreement shall include and extend to any and all claims, demands, rights, causes of action, and/or liabilities of or against the Released Parties of every kind and nature, matured or unmatured, known or unknown, that Artis has or may claim to have by reason of, or arising out of, or in connection with, any acts, omissions, or events committed or occurring at any time prior to the Effective Date of this Agreement to the

maximum extent allowed by law and shall include and extend to all claims for attorneys' fees, costs, and disbursements.

Without limiting and subject to the preceding paragraph, the claims Artis waives and releases in this Agreement include those claims asserted or capable of being asserted in the Lawsuit and, without limitation, and shall extend to all claims arising out of, in connection with, or relating to:

    (i)    Artis' employment with Bickford, the termination of such employment, and/or statements or acts of the Released Parties.

    (ii)    All claims under any federal, state, or local statute, ordinance, or regulation, including but not limited to claims for any alleged unlawful discrimination, retaliation, harassment, or any other alleged unlawful practices, including but not limited to claims under:

- the Fair Labor Standards Act
- the Equal Pay Act
- Title VII of the Civil Rights Act of 1964
- the Age Discrimination in Employment Act
- the Older Workers Benefit Protection Act
- the Americans with Disabilities Act
- the Civil Rights Act of 1991
- the Civil Rights Act of 1866
- the National Labor Relations Act
- the Employment Retirement Income Security Act of 1974, as amended
- the Family and Medical Leave Act
- the Worker Adjustment and Retraining Notification Act
- the Lilly Ledbetter Fair Pay Act of 2009
- the Genetic Information Nondiscrimination Act
- the Fair Credit Reporting Act
- the Georgia Wage Payment and Collection Act
- the Georgia Human Rights Act
- the Georgia Wage Act
- worker's compensation non-interference or non-retaliation act, and

- all amendments to the above-noted statutes.

(iii) All claims under any principle of common law, including but not limited to claims for:

- unpaid salary, overtime, on-call time, commissions, severance, stock rights, and bonuses
- harassment, retaliation, or reprisal
- assault or battery
- defamation
- intentional or negligent infliction of emotional distress
- invasion of privacy
- statements, actions, or omissions of any of the Released Parties
- false imprisonment
- fraud
- intentional or negligent misrepresentation
- interference with contractual or business relationships
- violation of public policy
- wrongful termination or constructive discharge
- Artis' conduct, if any, as a "whistleblower"
- negligence
- breach of contract
- breach of fiduciary duty
- breach of a covenant of good faith and fair dealing
- promissory or equitable estoppel
- any other wrongful employment practices, and
- violation of any other principle of common law or equity.

(iv) All claims for any type of relief or damages from the Released Parties, including but not limited to claims for salary, wages, bonuses, commissions, stock-based compensation or stock options, vacation pay, paid time off, perquisites, relocation pay, tuition assistance, expense reimbursements, back pay, front pay, severance, unemployment compensation, lost benefits, compensation, reinstatement, liquidated damages, multiple damages, punitive damages, and/or equitable or injunctive relief.

  (v) Actual or claimed damages for any alleged breach of contract or promise, any tort claim, any claim of estoppel, any equitable relief claim, or any alleged personal injury or emotional injury or damage, whether or not compensable under any workers' compensation statutes.

  (vi) For all claims that a past unlawful decision has or has had a continuing effect on compensation.

  (vii) Attorneys' fees, costs, and interest.

Such released claims collectively are referred to as the "*Claims*." Artis acknowledges and agrees that the release given in this paragraph 2 is an essential and material term of this Agreement and, without it, no settlement would have been reached by the Parties.

(d) <u>Waiver, Release and Covenant Not to Sue</u>. In exchange for the consideration provided by this Agreement, Artis waives and releases Bickford and all Released Parties from the Claims and agrees to hold them harmless from and promises to pay them for any cost, liability, or expense arising from or in connection with any action hereafter asserting any of the Claims. Artis further covenants that she in her own capacity and all persons claiming by or through her shall not sue, seek, or make demand upon any of the Released Parties for any of the Claims, to the maximum extent allowed by law. By executing this Agreement, Artis agrees to stipulate to the dismissal of the Lawsuit with prejudice and consents to Bickford's counsel filing such a stipulation on her behalf after the Effective Date.

2. <u>Payment</u>. Upon satisfaction by Artis of all conditions precedent, including the delivery of a signed original of this Agreement to Bickford, Bickford will pay Artis the total gross sum of $33,000.00 within 15 days of the Effective Date (as defined herein), as compensation for Artis' alleged but disputed nonwage damages, which Bickford will included on a Form 1099 as "Other Income." Artis shall remain solely responsible for and shall pay any taxes that may be due on these amounts as well as for payment of her actual attorneys' fees and costs.

Artis acknowledges that this consideration is in compromise of a dispute. Thus, she agrees that the payment and other consideration provided in this Agreement shall not constitute and shall not be construed as an admission of liability or wrongdoing on the part of any of the Released Parties for any of the Claims. In fact, Bickford denies it is responsible or legally obligated to Artis for her Claims, denies it engaged in any unlawful or improper conduct toward her, and denies it treated her unfairly or inappropriately.

3. <u>Representations of Artis</u>. Artis hereby represents and warrants that she:

  (a) Has authority to enter into this Agreement;

(b) Holds the Claims free and clear of any liens and has not pledged or assigned those claims to any third party;

(c) Has not commenced or been subject to any bankruptcy or insolvency proceeding that affects or could affect her rights to accept payment and release claims under this Agreement;

(d) Is not subject to any child support orders, garnishment orders, or other orders now in effect requiring that money owed or payable to Artis by Bickford be paid to any other person;

(e) Has not been a Medicare beneficiary at any time prior to the execution of this Agreement, or received any payments under it, and further does not have a reasonable expectation of becoming a Medicare beneficiary;

(f) Has not received any promise of further consideration;

(g) Does not know of any other person who holds any rights to sue for the causes of action either asserted in the Charge or the Claims subject to the releases made hereunder;

(h) Has been fully paid for all wages, overtime, commissions, bonuses, and other compensation earned during her employment with Bickford;

(i) Did not suffer any work-related injury during her employment with Bickford that she has not properly reported; and

(j) Shall be solely liable for the timely reporting and timely payment of taxes due, if any, on the amounts paid by Bickford to her and her attorneys under this Agreement.

Artis acknowledges and agrees that Bickford may report the amounts paid under this Agreement to federal, state, and local tax agencies on such forms it deems appropriate. Artis further agrees to indemnify and hold the Released Parties harmless from any cost, expense, liability, assessment, tax, and/or penalty imposed against the Released Parties and/or Artis in connection with the payments made to Artis under this Agreement.

Artis agrees to indemnify and shall hold harmless each of the Released Parties from and against and promises to pay the Released Parties for any and all claims, actions, causes of actions, demands, rights, damages, losses of services, liability, compensation, taxes, or property damages that any person, partnership, corporation, entity, association, agency, or other organization may bring or recover against any of them based on, in connection with, arising from or alleging: (i) Artis' purposeful or inadvertent breach of any of the promises, representations, warranties, indemnities, and covenants made by her in this paragraph 4 or elsewhere in this Agreement, (ii) Artis' breach of any other obligation or promise in this Agreement, and/or (iii) any liability of the Released Parties arising out of, in connection with, or based on allegations relating to the Claims Artis has released.

Artis further agrees to indemnify and hold Bickford and the Released Parties harmless from any liability arising from its reliance on her Medicare confirmations in paragraph 4(e) or otherwise for reimbursements due in connection with benefits paid or payable to her from Medicare or any Medicare liens.

Artis' duty to indemnify and hold each Released Party harmless and her promise to pay for such liabilities shall include all defense and/or enforcement costs and expenses incurred and/or payments by Bickford and each Released Party, including without limitation reasonable attorneys' fees, court costs and disbursements, and further including any award or judgment against Bickford and/or any Released Party.

4. <u>OWBPA Waiver</u>. Artis acknowledges Bickford has advised her/hereby advises her she has 21 days from the date she received this Agreement in which to consider it, although she may sign it sooner if she wishes, in which to consult with her independent legal counsel. After signing this Agreement, Artis has 7 days in which to revoke it by delivering written notice of the revocation to Christy Dienstbier, 13795 S. Mur-Len Road, Olathe, Kansas 66062. This Agreement shall become valid and enforceable on the 8th calendar day after Employee signs it ("Effective Date").

5. <u>Counterparts</u>. This Agreement may be signed in counterparts.

6. <u>Choice of Law/Consent to Jurisdiction</u>. This Agreement shall be governed by and construed under the laws of the State of Kansas. Each party consents to the personal jurisdiction of the state and federal courts in Kansas with respect to any action seeking to enforce the terms of this Agreement.

7. <u>Employment with Bickford</u>. Artis agrees that in exchange for the consideration provided in this Agreement, in the future she will not seek, accept, or continue employment or any independent contractor or agency relationship with Bickford or any of the Released Parties. Artis further covenants that neither she nor anyone claiming by or through her will sue or otherwise make a claim against Bickford or the Released Parties with respect to or arising in connection with any subsequent decision by any of them not to hire, engage, or retain her, to the maximum extent allowed by law.

Artis understands that she will direct anyone seeking to verify her employment with Bickford to call Bickford's ~~Corporate~~<u>corporate</u> office at 913-782-3200 and speak with Human Resources for employment verification information. It is further agreed that in the event Bickford's Corporate Human Resources Department receives a request concerning Artis' employment with Bickford, Bickford will verify only dates of employment and job titles unless required by law to provide any additional information or unless Artis authorizes Bickford to provide additional information.

8. <u>Confidentiality, Non-Disparagement, and Nondisclosure</u>.

   (a) Artis agrees to treat the terms of this Agreement as strictly confidential and shall constitute confidential and proprietary information of Bickford. As such, Artis

will not, without compulsion of legal process, reveal any of the terms of the Agreement, the amounts referred to in this Agreement, or the fact of the payment of said amounts, to any person except to Artis' spouse, attorney, or tax preparer, or other professional advisors to whom the disclosure is necessary to effectuate the purposes for which Artis has consulted such professional advisors. In response to any inquiry regarding her Claims, Artis may respond only with the phrase "My issues with Bickford have been resolved." This means that Artis will not make disclosure of such confidential information to any person or entity, including by way of the media, the Internet, and all other forms of dissemination of information to the public. In addition, Artis agrees to refrain from making any statements or communications which are in any way negative or disparaging to Bickford or any of the Released Parties.

(b) Artis agrees that she shall not disclose to any person or entity at any time or in any manner, directly or indirectly, any information relating to the operations of Bickford that has not already been disclosed to the public. The parties agree that this provision includes but is not limited to the following confidential information: all information about insureds or claimants, all product information, all information relating to Bickford's strategic business or marketing plans, proprietary information and/or trade secrets, resident lists and/or names, product and service prices, resident charges, contracts, and contract negotiations.

(c) These provisions are in addition to all obligations of Artis under contract or applicable law not to disclose or use confidential or proprietary business information and/or trade secrets of Bickford and to refrain from soliciting customers or employees of Bickford.

(d) Artis understands that these confidentiality, non-disparagement, and nondisclosure provisions are a material inducement to Bickford to the making of this Agreement and that any breach of the conditions set forth above will be considered a material breach of this Agreement by Bickford. If there is such a breach, Bickford may, at its option, terminate this Agreement immediately. In addition, it is agreed that Bickford will be substantially harmed by such a breach and entitled to pursue its legal and equitable remedies, including without limitation the right to recover damages and to seek injunctive relief.

9. Entire Agreement. This Agreement constitutes the entire agreement between the parties. The terms of this Agreement are contractual and not merely recital. None of the terms shall be altered or modified in whole or in part except in writing acknowledged by each party. Headings are for convenience only and do not alter the express terms of this Agreement. All representations, warranties and indemnities under this Agreement shall survive the termination, expiration or performance of this Agreement.

10. Interpretation of the Agreement. This Agreement should be interpreted as broadly as possible to achieve Artis' intention to resolve all of her Claims against the Released Parties. If this Agreement is held by a court to be inadequate to release a particular claim

encompassed within Artis' Claims, this Agreement will remain in full force and effect with respect to all the rest of Artis' Claims.

**Please read this document carefully. It will release and waive legal claims and rights you may have. You are advised to consult with an attorney before signing this document.**

*Agreed to effective as of March 26 2014.*

**Dorothy Artis ("*Artis*")**                              **Bickford Senior Living, L.L.C. ("*Bickford*")**

*Dorothy A. Artis*                                          By: _____
03-26-2014                                                  Title: Executive V.P.